UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br>uCast, LLC (f/k/a Q Platform Americas LLC), Q Media Services, LLC (f/k/a Qello LLC), QMS Holdings, LLC (f/k/a Qello Holdings, LLC),<br><br>                                    Debtors. | Case No.:  23cv1258-LL-AHG<br><br>**ORDER DENYING MOTION TO WITHDRAW THE REFERENCE [ECF No. 1]** |
| GERALD H. DAVIS, Chapter 7 Trustee,<br><br>                                    Plaintiff,<br>v.<br><br>GARY WINNICK,<br><br>                                    Defendant. | |

Presently before the Court is Defendant Gary Winnick's ("Defendant") Motion to Withdraw the Reference ("Motion"). ECF No. 1. The Court hereby takes the matter under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). Having reviewed the Parties' arguments and the law, the Court **DENIES** the Motion.

/ / /

1

## I.     BACKGROUND

On September 2, 2020, uCast, LLC, Q Media Services, LLC, and QMS Holdings, LLC (collectively "the Debtors") filed their petitions for bankruptcy relief under Chapter 11 in the U.S. Bankruptcy Court for the Southern District of California ("Bankruptcy Court"). *See* Doc. No. 1, No. 20-04501-MM7; Doc. No. 1, No. 20-04502-MM7; Doc. No. 1, No. 20-04503-MM7. On December 3, 2021, the Bankruptcy Court converted the Bankruptcy cases from Chapter 11 to Chapter 7. *See* Doc. No. 113, No. 20-04501-MM7.

On September 2, 2022, Gerald H. Davis, the Chapter 7 Trustee ("Plaintiff" or the "Trustee") of the Debtors, filed a Complaint (hereinafter "Adversary Complaint") in the Bankruptcy Court initiating an adversary proceeding against Defendant. *See In re uCast, LLC (f/k/a Q Platform Americas LLC), Q Media Services, LLC (f/k/a Qello LLC), QMS Holdings, LLC (f/k/a Qello Holdings, LLC)*, No. 22-90049-MM (Bankr. S.D. Cal. 2020). In the Adversary Complaint, the Trustee alleged claims of (1) breach of fiduciary duty, and (2) corporate waste against Defendant Winnick. *Id.* at No. 1-1. On November 4, 2022, Defendant filed a Motion to Dismiss the Adversary Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Doc. No. 14, No. 22-90049-MM (Bankr. S.D. Cal. 2020). On December 19, 2022, the Trustee filed an Opposition to the Motion to Dismiss, and on January 20, 2023, the Defendant filed a Reply. Doc. Nos. 18, 20, No. 22-90049-MM (Bankr. S.D. Cal. 2020). On March 6, 2023, the Bankruptcy Court issued a ruling tentatively denying the Motion to Dismiss. Doc. No. 34, No. 22-90049-MM (Bankr. S.D. Cal. 2020). On March 9, 2023, the Bankruptcy Court held a hearing on the Motion to Dismiss and ordered supplemental briefing regarding Defendant's objection to the Bankruptcy Court adjudicating the Motion to Dismiss. Doc. No. 31, No. 22-90049-MM (Bankr. S.D. Cal. 2020).  On April 3, 2023, the Bankruptcy Court issued a seventeen-page interlocutory order affirming its tentative ruling and denying Defendant's Motion to Dismiss. Doc. No. 34, No. 22-90049-MM (Bankr. S.D. Cal. 2020).

The Bankruptcy Court also set a pre-trial schedule for the case, including a discovery deadline of August 1, 2023, and a pretrial hearing date of August 8, 2023. *Id.* at 17. On

April 21, 2023, the Defendant filed an Answer to the Complaint. Doc. No. 38, No. 22-90049-MM (Bankr. S.D. Cal. 2020).   On June 22, 2023, the Defendant filed a Motion to Withdraw the Reference in the Bankruptcy Court. Doc. No. 47, No. 22-90049-MM (Bankr. S.D. Cal. 2020). On June 26, 2023, the Trustee filed a Motion to Compel Discovery. No. 51, No. 22-90049-MM (Bankr. S.D. Cal. 2020). On June 27, 2023, the Defendant and the Trustee jointly proposed extending certain pretrial deadlines, which the Bankruptcy Court granted in an Order dated June 28, 2023. Doc. Nos. 55, 56, No. 22-90049-MM (Bankr. S.D. Cal. 2020).   The Bankruptcy Court extended the discovery deadline to October 2, 2023 for general discovery and October 30, 2023 for expert discovery, and reset the pretrial conference date to November 9, 2023. Doc. No. 56, No. 22-90049-MM (Bankr. S.D. Cal. 2020).

In the instant Motion, Defendant seeks to withdraw the bankruptcy reference and have the adversary proceeding heard in this Court. *See generally* Motion. Plaintiff filed an Opposition to the Motion ("Oppo.") and Defendant filed a Reply in support of the Motion ("Reply"). ECF Nos. 1-3, 3.

## II.   LEGAL STANDARD

District courts have original jurisdiction over "all civil proceedings arising under title 11," which is the Bankruptcy Code, and over cases "arising in or related to cases under title 11." 28 U.S.C. § 1334(a)-(b). However, the district court's jurisdiction is not exclusive, and each district court may refer such proceedings to a bankruptcy judge. 28 U.S.C. § 157(a); *see also* S.D. Cal. B.L.R. 5011-1. Section 157 "classifies matters as either 'core proceedings,' in which the bankruptcy court 'may enter appropriate orders and judgments,' or 'non-core proceedings,' which the bankruptcy court may hear but for which it may only submit proposed findings of fact and conclusions of law to the district court for de novo review." *Sec. Farms v. Int'l Bhd of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997) (quoting 28 U.S.C. § 157). "Actions that do not depend on bankruptcy laws for their existence and that could proceed in another court are considered 'non-core.'" *Id.*

Pursuant to 28 U.S.C. § 157(d), a district court may withdraw reference to the bankruptcy court. *See* 28 U.S.C. § 157(d). This provision provides for both permissible and mandatory withdrawal. *Id.* "The district court may withdraw, in whole or in part, any case or proceeding referred…on its own motion or on timely motion of any party, for cause shown." *Id.* The district court shall withdraw if "resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." *Id.* The party seeking withdrawal carries the "burden of persuasion." *FTC v. First Alliance Mortg. Co*., 282 B.R. 894, 902 (C.D. Cal. April 30, 2001); *see also In re Heller Ehrman LLP*, 464 B.R. 348, 351-52 (N.D. Cal. Dec. 13, 2011).

"To determine whether cause for permissive withdrawal exists, a district court 'should first evaluate whether the claim is core or non-core, since it is upon this issue that questions of efficiency and uniformity will turn.'" *One Longhorn Land 1, L.P. v. Presley*, 529 B.R. 755, 762 (C.D. Cal. April 13, 2015) (quoting *In re Orion Pictures Corp*., 4 F.3d 1095, 1101 (2nd Cir. 1993)). Additionally, "[i]n determining whether cause exists, a district court should consider the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." *Sec. Farms*, 124 F.3d at 1008.

## III.     DISCUSSION

### A. Summary of Parties' Arguments

First, Defendant argues that "[t]he adversary proceeding cannot be adjudicated by the bankruptcy court" because the two causes of action in the Complaint (for corporate waste and breach of fiduciary duties) are "precisely the types of private right claims that the Bankruptcy Court lacks constitutional authority to determine." Motion at 13. Specifically, Defendant argues that "the breach of duty and corporate waste claims raised in the Complaint are private rights seeking to augment the bankruptcy estate, regardless of whether the Defendant has filed a proof of claim (which he did not) – and cannot be determined by the Bankruptcy Court under the public rights exception." *Id.* Second,

Defendant argues that the Bankruptcy Court may not hold a jury trial without the consent of all parties, and that Defendant does not consent to a jury trial before the Bankruptcy Court. *Id*. at 13-14.  Third, Defendant argues that the Court should exercise its discretion to withdraw the reference because the claims at issue in the Complaint are "non-core" matters. Finally, Defendant argues that the "adversary proceeding is only in the beginning stages" and "there remains the gatekeeping issue as to whether the causes of action in this lawsuit are timely under Bankruptcy Code § 108(a)(2), which issue must be decided on a de novo basis by the District Court." *Id*. at 14.

Plaintiff opposes Defendant's Motion on the grounds that "mandatory withdrawal is not implicated here because [] this proceeding does not require consideration of laws 'regulating organizations or activities affecting interstate commerce.'" Oppo. at 9. Second Plaintiff argues that "Defendant's request for permissive withdrawal is untimely and the right to permissive withdrawal has been waived." *Id.* at 10. In support thereof, Plaintiff states that "courts routinely find that a motion to withdraw the reference is untimely when filed a month or months after the basis for withdrawal became apparent." *Id.* at 11 (internal citations omitted). Third, Plaintiff argues that even if the instant Motion is considered by the Court, the Defendant has failed to satisfy his burden to establish cause for permissive withdrawal because of the following reasons: (1) "Uniformity in bankruptcy administration is promoted by denial of the withdrawal motion;" (2) "Defendant is engaged in brazen forum shopping;" (3) "Withdrawing reference will delay resolution of the chapter 7 cases;" (4) "Withdrawing the reference is uneconomical;" (5) "The Defendant's right to a jury trial is speculative at best and even, assuming Defendant has a right to a jury trial, this would not be a ripe basis for withdrawal of pre-trial matters." *Id.* at 14-20.

### B. Analysis

#### 1. Timeliness of Plaintiff's Motion

The threshold question in this case is whether under § 157(d) Defendant's Motion to Withdraw the Reference, filed almost ten months after Plaintiff's Adversary Complaint was filed, is timely. *Sec. Farms*, 124 F.3d at 1007-1008; *see also* 28 U.S.C. § 157(d). "A

motion to withdraw is timely if it was made as promptly as possible in light of the developments in the bankruptcy proceeding." *Sec. Farms*, 124 F.3d at 1007 n.3. If the motion is not made in a timely manner, the parties' rights under § 157(d) are deemed waived. *Id.* A party must move for withdrawal "at the first reasonable opportunity" given the "specific factual context [of the case]." *In re GTS 900 F, LLC*, 2010 WL 4878839, at *2 (C.D. Cal. Nov. 23, 2010) (internal quotation and citation omitted).

Here, Plaintiff's Adversary Complaint was filed on September 2, 2022, and Defendant filed a Motion to Dismiss on November 4, 2022. Doc. No. 14, No. 22-90049-MM (Bankr. S.D. Cal. 2020). Neither the Defendant's Motion to Dismiss nor the Reply indicated Defendant's objection to the Bankruptcy Court's adjudication of the Motion to Dismiss. Doc. Nos. 14, 20, No. 22-90049-MM (Bankr. S.D. Cal. 2020). On March 6, 2023, the Bankruptcy Court issued a tentative ruling denying Defendant's Motion to Dismiss. Doc. No. 30, No. 22-90049-MM (Bankr. S.D. Cal. 2020). At the initial motion hearing scheduled for March 9, 2023, Defendant orally objected to the Bankruptcy Court adjudicating the Motion to Dismiss and indicated that it had discovered additional authority (not new authority) that mandated dismissal of the adversary proceeding. The Bankruptcy Court ordered supplemental briefing on the additional authorities orally recited by the Defendant, and the parties filed their respective supplemental briefs. Doc. Nos. 31-33, No. 22-90049-MM (Bankr. S.D. Cal. 2020).

On April 3, 2023, after the submission of the supplemental briefs, the Bankruptcy Court issued an order denying the Defendant's Motion to Dismiss, and also set a pretrial schedule. Doc. No. 34, No. 22-90049-MM (Bankr. S.D. Cal. 2020). On April 21, 2023, the Defendant filed his Answer to the Adversary Complaint. Doc. No. 38, No. 22-90049-MM (Bankr. S.D. Cal. 2020). On June 22, 2023, almost ten months after Plaintiff's Adversary Complaint had been filed, Defendant filed the instant Motion to Withdraw the Reference. ECF No. 1.

Defendant contends this matter should be withdrawn from the Bankruptcy Court because of his constitutional right to a jury trial (*see, e.g.*, ECF No. 1-3 at 9), however, that

is not dispositive. As set forth in more detail below, "[a] valid right to a Seventh Amendment jury trial in the district court does not mean the bankruptcy court must instantly give up jurisdiction and that the action must be transferred to the district court." *In re Healthcentral.com*, 504 F.3d 775, 788 (9th Cir. 2007). Additionally, Defendant's moving papers do not offer sufficient justification for the near ten-month delay in seeking withdrawal. The record in the Bankruptcy Court makes clear that Defendant first chose to litigate this case in the Bankruptcy Court by filing a Motion to Dismiss, eventually an Answer, and conducting initial discovery. Courts have found motions to withdraw the reference untimely during similar periods of delay. *See Laine v. Gross,* 128 B.R. 588, 589 (D. Me. June 26, 1991) (finding a six month delay rendered the motion to withdraw the reference untimely); *Connolly v. Bidermann Industries U.S.A., Inc.,* No. 05-1791, 1996 WL 325575, *3 (S.D.N.Y. June 13, 1996) (finding an eight month delay rendered a motion to withdraw the reference untimely); *Stratton v. Vita Bella Group Homes, Inc.,* No. 07-0584, 2007 WL 1531860, *3 (E.D. Cal. May 25, 2007) (finding that a one year delay rendered a motion to withdraw untimely).

Defendant's reliance on in *In re The VWE Group, Inc.,* 359 B.R. 441 (S.D.N.Y. Jan. 5, 2007), to justify the timeliness of the Motion is without merit. That case is distinguishable on several grounds. The court in *In re The VWE Group, Inc.*, found the movant to be timely when they moved for withdrawal four months after the complaint had been filed. *Id.* at 445. In direct contrast to the instant case, when the movant in *In re The VWE Group, Inc.* moved for withdrawal, no answer had been filed and the court had not yet ruled on the motion to dismiss. *Id.* at 447. In *In re VWE Group, Inc.*, the Court found that the movant was not engaged in delay or forum shopping because the motion to withdraw the reference preceded the resolution of their motion to dismiss. *Id.* In making this finding, the court distinguished the facts from those in *Laine v. Gross*, 128 B.R. at 589. In *Laine*, the court denied the motion to withdraw the reference and found forum shopping concerns because "'[o]nly after the Bankruptcy Court denied their motion to dismiss,

having invested a significant amount of time and energy, did Defendants try another tack and seek withdrawal of the reference.'" *Id.*

In this case, the Court finds that Defendant did not file the Motion to Withdraw Reference "as promptly as possible in light of the developments in the bankruptcy proceeding." *Sec. Farms,* 124 F.3d at 1007 n.3. Defendant filed a dispositive motion in the Bankruptcy Court without raising any objection to the Bankruptcy Court's adjudication of the Motion. Only after the Bankruptcy Court issued a tentative ruling in Plaintiff's favor did Defendant claim the Bankruptcy Court lacked authority to adjudicate the motion. Now, Defendant contends that "because this Court must handle the jury trial and must review on a *de novo* basis any final rulings by the Bankruptcy Court, there is no forum shopping." Motion at 9. This argument is unsupported by controlling law.

Thus, the Court finds that Defendant's Motion is untimely. Even if Defendant's Motion had been timely filed, permissive withdrawal of the claims would be improper for the reasons set forth below.

### 2. Mandatory Versus Permissive Withdrawal

In addition to the untimeliness of Defendant's Motion, the Court finds that withdrawing the reference in this case at this time is unwarranted. As an initial matter, withdrawing the reference is not mandatory even if resolution of the claims at issue in the Complaint eventually require a jury trial. Defendant is correct that the bankruptcy court lacks authorization to conduct jury trials over non-core proceedings. *In re Cinematronics, Inc.*, 916 F.2d 1444, 1450-51 (9th Cir. 1990). However, "[a] valid right to a Seventh Amendment jury trial in the district court does not mean the bankruptcy court must instantly give up jurisdiction and that the action must be transferred to the district court." *In re Healthcentral.com*, 504 F.3d at 788; *see also Hjelmeset v. Cheng Hung*, 2018 WL 558917, at *5 (N.D. Cal. Jan. 25, 2018) ("[Movant] cites to no case indicating that the district court must immediately assume jurisdiction whenever a party timely requests a jury trial. Indeed, he could not, because in the Ninth Circuit, bankruptcy courts are not divested of pre-trial jurisdiction over matters which they ultimately may be unable to decide.").

23cv1258-LL-AHG

Instead, bankruptcy courts retain jurisdiction to oversee matters requiring a jury up until the date of trial. *In re Cedar Funding, Inc.*, 419 B.R. 807, 819 (B.A.P. 9th Cir. 2009). Thus, withdrawal of reference is not required because the Bankruptcy Court is authorized to hear dispositive motions, conduct discovery, and otherwise manage pre-trial proceedings relating to the Complaint.

As to whether this Court should exercise its discretion to withdraw the reference under a permissive withdrawal, Defendant has failed to establish that the balance of factors weighs in favor of withdrawal. Plaintiff concedes that the Complaint's fiduciary breach and corporate waste claims are non-core. Oppo. at 14. However, "[t]he determination of whether claims are core or non-core is not dispositive of a motion to withdraw a reference," and is instead merely "useful before considering the other factors." *Hjelmeset*, 2018 WL 558917, at *3. "Even if [Plaintiff's] claims are non-core, judicial efficiency may still be served by denying withdrawal of the reference in light of the circumstances of th[e] case." *Id.* at *4.

Denial of withdrawal would promote judicial efficiency by permitting the court most familiar with this matter to retain jurisdiction. The Bankruptcy Court has presided over the underlying Bankruptcy Matter for three years and the Adversary Complaint for one year. It is thus most familiar with the facts and events surrounding the Adversary Complaint. "It is more efficient for the bankruptcy court – which is already familiar with the law and facts – to continue adjudicating the case, rather than this Court essentially starting from scratch." *Weinstein v. Kuhl*, 2018 WL 4904901, at *4 (N.D. Cal. Oct. 9, 2018); *see also Hjelmeset*, 2018 WL 558917, at *4-5 ("[E]ven if [defendant] is ultimately correct that he has the right to a jury trial and he does not consent to a final order by the bankruptcy court, it is still proper for the proceeding to stay in the bankruptcy court for discovery, pre-trial litigation, and pre-trial dispositive motions."); *Bell v. Lehr*, 2014 WL 526406, at *4 (E.D. Cal. Feb. 7, 2014) (finding that "efficiency and judicial economy demand that the Bankruptcy Court continue to handle all pretrial matters" where "the Bankruptcy Court has been handling the underlying Bankruptcy case and related adversary proceedings" for multiple years and thus

23cv1258-LL-AHG

is "intimately familiar" with the case). In *Bell v. Lehr*, the court found that withdrawing the reference of an adversary proceeding prior to the conclusion of discovery, settlement conferences, and motion practice "would waste judicial resources and increase delay and costs to the parties, as well as jeopardize the uniformity of bankruptcy administration." *Id.*

Thus, in addition to the untimeliness of the instant Motion, the Court finds that withdrawal of the reference of the adversary proceeding is premature, at best. *In re Healthcentral.com*, 504 F.3d at 788 ("Only by allowing the bankruptcy court to retain jurisdiction over the action until *trial is actually ready* do we ensure that our bankruptcy system is carried out.") (emphasis in original).

### C. Conclusion

For the reasons stated herein, the Court **DENIES** Defendant's Motion to Withdraw the Reference.

**IT IS SO ORDERED.**

Dated:  September 19, 2023

Honorable Linda Lopez
United States District Judge

23cv1258-LL-AHG